# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

**FOR SERVICE**

Case Name: Bruce Delle Chiaie v IKO Manufacturing, Inc., et al
Case Number: 218-2015-CV-00303

Date Complaint Filed: March 26, 2015

A Complaint has been filed against IKO Industries, Inc.; IKO Manufacturing, Inc.; IKO Midwest, Inc.; IKO Production, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| May 11, 2015 | Bruce Delle Chiaie shall have this Summons and the attached Complaint served upon IKO Industries, Inc.; IKO Manufacturing, Inc.; IKO Midwest, Inc.; IKO Production, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 01, 2015 | Bruce Delle Chiaie shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | IKO Industries, Inc.; IKO Manufacturing, Inc.; IKO Midwest, Inc.; IKO Production, Inc. must file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to IKO Industries, Inc.; IKO Manufacturing, Inc.; IKO Midwest, Inc.; IKO Production, Inc.:**
If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Christopher T. Hilson, ESQ

Donahue Tucker & Ciandella PLLC
225 Water Street
Exeter NH 03833

BY ORDER OF THE COURT

March 27, 2015

Raymond W. Taylor
Clerk of Court

(504)

NHJB-2678-S (10/23/2013)

RECEIVED MAR 2 6 2015

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                          SUPERIOR COURT

Bruce Delle Chiaie
40 Windsor Green, K
Greenland, NH 03840

v.

IKO Manufacturing, Inc.,
IKO Industries, Inc.,
IKO Midwest, Inc.,
and
IKO Production, Inc.
235 West South Tec Drive
Kankakee, IL 60901

Docket No. _____

## COMPLAINT FOR DAMAGES AND JURY DEMAND

NOW COMES the Plaintiff, Bruce Delle Chiaie ("the Plaintiff"), by and through his attorneys, Donahue, Tucker and Ciandella, PLLC, and respectfully submits this Complaint For Damages and Jury Demand. The Plaintiff states as follows:

### Summary

1. This is an action to recover damages arising out of defective roofing shingles manufactured, marketed and/or distributed by IKO Manufacturing Inc., IKO Industries. Inc., IKO Midwest Inc. and/or IKO Production, Inc. (collectively, "the IKO Defendants"). The Plaintiff further seeks to recover under the New Hampshire Consumer Protection Act, RSA 358 – A, for unfair and deceptive trade practices arising out of the IKO Defendants' marketing and claims management practices.

DONAHUE, TUCKER & CIANDELLA, PLLC - ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

### Parties

2. The allegations contained in the preceding paragraph are re-alleged and incorporated herein by reference.

3. The Plaintiff Bruce Delle Chiaie is an adult individual residing at 40 Windsor Green, K, Greenland, NH 03840.

4. The IKO Defendants are believed to be a vertically integrated series of corporations formed under the laws of Delaware. Upon information and belief, the IKO Defendants manufacture, market, and service the shingle products at issue in this case. The IKO Defendants market, service and warranty the product at issue in the State of New Hampshire. The IKO Defendants' principal place of business is at 235 West South Tec Drive, Kankakee, IL 60901.

### Jurisdiction and Venue

5. The allegations contained in paragraphs 1 through 4 are re-alleged and incorporated herein by reference

6. This Court has subject matter jurisdiction pursuant to RSA 491:7.

7. This Court has personal jurisdiction over Defendants as they distribute products within New Hampshire, conduct business in New Hampshire and have significant contacts with the jurisdiction such that they would expect to be haled into New Hampshire courts.

8. This Court is the proper venue for this action because the Plaintiff resides in Greenland, New Hampshire, within the judicial district of the Rockingham County Superior Court.

DONAHUE, TUCKER & CIANDELLA, PLLC - ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

## Factual Background

9. The allegations contained in paragraphs 1 through 8 are re-alleged and incorporated herein by reference.

10. The Plaintiff's house was built during the summer of 2002 in Greenland, NH.

11. In connection with this project, and because the Plaintiff wished to spare no expense, he advised his contractors that he wanted premium 35-year shingles, to use the industry parlance.

12. Shingles are generally delineated by their expected lifespan: for example, homeowners may choose 10-year shingles, 20-year shingles, or, as in this case, 35-year shingles.

13. In response to the Plaintiff's request, Wickes Lumber provided the Defendant IKO's "Chateau" organic shingles ("the Defective Shingles") for the Plaintiff's home and garage. The same shingles were later installed on the Plaintiff's pool house.

14. The Plaintiff never read, executed, or in any way accepted, any manner of limitation of liability, disclaimer, or the "Warranty" offered by the IKO Defendants.

15. Despite the IKO Defendants' representation that the Defective Shingles' lifespan was 35 years, the shingles on the Plaintiff's home and garage began to obviously fail in 2013. The Defective Shingles began to crack and lose their ability to hold shingle granules, thus losing the shingles' water-shedding characteristics. Other Defective Shingles began to deform, curl and "eyebrow", further degrading their ability to shed water, the core reason for installing shingles.

16. The Defective Shingles' failure led to water intrusion into the Plaintiff's home, causing damage to the interior of the roof, ceilings and other areas of the Plaintiff's home.

17. The Plaintiff complained about the Defective Shingles through his supplier, Jackson Lumber, who in turn, contacted the IKO Defendants.

DONAHUE, TUCKER & CIANDELLA, PLLC – ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE – 800-566-0506 – WWW.DTCLAWYERS.COM

18. In response, the IKO Defendants sent their representative, Ms. Leet, to inspect the home and, presumably, assess the Plaintiff's claim.

19. According to the signature box of Ms. Leet's e-mails, she is the "Territory Sales Representative" of the IKO Defendants.

20. During Ms. Leet's inspection, and in the presence of the Plaintiff and representatives of Jackson Lumber, Ms. Leet admitted that the IKO Defendant's organic shingles in general, and the Defective Shingles in particular, had a long history of failing and other "problems".

21. Ms. Leet asked that the Plaintiff make a claim to the IKO Defendants' warranty services department. The Plaintiff was provided with an instruction and application for warranty service, which requested an extensive amount of documentation and information, along with a sample of the Defective Shingles. The Plaintiff complied with this request of the IKO Defendants.

22. In the meantime, the Plaintiff discovered a representative of the IKO Defendants surreptitiously accessing his property and taking photographs without his knowledge or consent.

23. Thereafter, the Plaintiff was presented with a "limited warranty" purporting to apply to his claim, along with an offer to resolve the claim based on said "limited warranty." The IKO Defendants offered only $2,154.60, in spite of the clear evidence provided by the Plaintiff that replacement of the Defective Shingles would cost well over $40,000, and no evidence that the Plaintiff read, accepted, or even knew of the "limited warranty" the IKO Defendants' suggested controlled the Plaintiff's claim.

24. The Plaintiff was presented with a "Good Will Release" which stated, *inter alia*, that the IKO Defendants considered the matter "a disputed claim", despite Ms. Leet's overt

4

DONAHUE, TUCKER & CIANDELLA, PLLC - ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

admission that the Defective Shingles had, indeed, failed and the IKO Defendants' organic shingles generally had long-experienced similar failures to that experienced by the Plaintiff.

25. Thereafter, the Plaintiff has learned, through other lawsuits across the nation, that the IKO Defendants have a pattern and practice of disputing all such claims, notwithstanding the clear history of failure and advertising a "warranty" to assist a homeowner in the event that the IKO Defendants' product fails.

26. The IKO Defendants advertise their products as "premium", providing "high quality roofing products" and providing "iron clad protection".

27. In connection with those representations, the IKO Defendants provide warranties of its products (the "Limited Warranty").

28. A review of the Limited Warranty promulgated by the IKO Defendants reveals that in contrast to the suggestion that it provides a measure of assurance to the purchasers to the IKO Defendants' products, it is actually a waiver of liability, operating to limit the IKO Defendants' exposure should their products fail.

29. Among other things, the Limited Warranty serves only to limit the IKO Defendants' exposure for damages and as replacement and installation costs associated with the failure of their products. Instead, the IKO Defendants offer only a *de minimus* contribution for the replacement of shingles in the event of a product failure, an amount which decreases pursuant to the table over time.

30. The Plaintiff did not sign, nor was he aware of any such Limited Warranty. Although he purchased the Defective Shingles in 2002, he was provided with a 2014 limited warranty when he lodged his complaints, rather than the Limited Warranty in place in 2002.

DONAHUE, TUCKER & CIANDELLA, PLLC – ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

31. The Plaintiff was unaware of the Limited Warranty at the time he purchased the Defective Shingles. The Limited Warranty in place in 2002 appears to vary the limited warranty in place in 2014.

32. Upon information and belief, drawing from other lawsuits around the nation, the IKO Defendants have experienced problems with their organic shingles since the 1980's. Nevertheless, to the best of Plaintiff's knowledge, the IKO Defendants have not warned or advised consumers of these issues, nor was the Plaintiff made aware by anyone that the IKO Defendants' products experienced such shortcomings at the time he purchased the shingles. Instead, the Plaintiff simply relied on the express representation that the Defective Shingles in question were "35 year" shingles.

33. The Plaintiff, through counsel, provided the IKO Defendants with a pre-suit demand to make them whole.

34. The IKO Defendants requested, and received, permission to access the Plaintiff's home and assess his claim, notwithstanding the prior access provided by the Plaintiff, his meticulous adherence to the claims procedure, and the access surreptitiously obtained without his permission.

35. Since that access was provided, however, the Plaintiff has heard little from the IKO Defendants, and nothing relative to his claim.

## COUNT I – PRODUCT LIABILITY
(Strict liability for manufacturing and/or design defect)

36. The allegations contained in paragraph 1 through 35 are re-alleged and incorporated herein by reference.

37. The IKO Defendants designed, manufactured, advertised and sold the Defective Shingles purchased by the Plaintiff and incorporated into the Plaintiff's home.

6

DONAHUE, TUCKER & CIANDELLA, PLLC – ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE – 800-566-0506 – WWW.DTCLAWYERS.COM

38. The Defective Shingles failed as a result of a design and/or manufacturing defect.

39. As a result of the design and/or manufacturing defect, the Defective Shingles were unreasonably dangerous to the Plaintiff's home and property.

40. The defects of the Defective Shingles caused significant damage to the Plaintiff.

41. As such, the IKO Defendants are strictly liable for the damages caused by the Defective Shingles, including all actual, incidental and consequential damages, interest, attorney's fees, costs and expenses all within the jurisdictional limits of this Court.

## COUNT II – BREACH OF IMPLIED AND EXPRESS WARRANTY

42. The allegations contained in paragraph 1 through 41 are re-alleged and incorporated herein by reference.

43. Every sale of goods within New Hampshire is subject to various implied warranties, including fitness for a particular purpose, and implied warranty of merchantability, and implied warranty of workmanlike quality, and a covenant of good faith and fair dealing.

44. Furthermore, express representations concerning the quality of goods sold within New Hampshire act as warranties and become part of the contract.

45. In this case, the IKO Defendants represented to consumers, *inter alia*, that the Defective Shingles incorporated into the Plaintiff's home were "35-year shingles".

46. Other express representations concerning the quality of the Defective Shingles were made to the consuming public including representations that the IKO Defendants produced "premium roofing products", produced "top quality products", were aided by "continuous innovation at state of the art manufacturing facilities". The IKO Defendants further represent that they "strive to be the experts in the business and are continually setting the standards". The

7

DONAHUE, TUCKER & CIANDELLA, PLLC – ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE – 800-566-0506 – WWW.DTCLAWYERS.COM

IKO Defendants go on to represent that they create "high quality asphalt roofing products", and "are focused on providing timely and efficient service to our customers".

47. The IKO Defendants further represent and advertise their Limited Warranty as "iron clad".

48. In particular, the IKO Defendants represent the Defective Shingle (the "Chateau") is a "premium shingle" which "transcends the ordinary."

49. The IKO Defendants knew or should have known that the Defective Shingles were to be installed on roofs with an expected life span of 35 years, and would provide water tight protection for that period.

50. As set forth above, the Defective Shingles did not meet the express representations or the implied warranties of merchantability, fitness for a particular purpose, or workmanlike quality.

51. Similarly, the Defective Shingles fell far short of the express warranties made by the IKO Defendants. They did not last anywhere near the 35 years of the represented lifespan and were not "premium", were not a "high quality roofing product", were not "top quality", were not the result of "continuous innovation" and were not "state of the art".

52. Furthermore, the IKO Defendants' representations concerning service similarly fell far short of its representations and do not comply with the requirement that contracting parties act in good faith and fair dealing. They did not provide "timely and efficient service to [their] customer" nor was their warranty "iron clad", nor even a warranty.

53. Instead, the IKO Defendants' service, warranty and claim procedure conclusively illustrated that they did not stand by their products, utilized deceptive claim investigation efforts, insisted upon warranties not binding upon their customers, refused to make their customers

8

DONAHUE, TUCKER & CIANDELLA, PLLC - ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

whole despite admitting their products' failure, and to deny every claim made by consumers as a baseline reaction. Despite marketing suggesting that the IKO Defendants' Limited Warranty provides some benefit to the consumer, it is actually a waiver of liability, and in any event, provides no protection to the consumer when all claims lodged under same are, as a preliminary matter, denied.

54. The Plaintiff was damaged by the IKO Defendants' violation of express and implied warranties.

55. The Plaintiff is entitled to his actual, incidental and consequential damages, attorney's fees, costs, interest and expenses all within the jurisdictional limits of this Court.

### COUNT III – VIOLATION OF THE CONSUMER PROTECTION ACT, RSA 358-A, et seq.

56. The allegations contained in paragraph 1 through 55 are re-alleged and incorporated herein by reference.

57. Upon information and belief, the IKO Defendants knew of the defective nature of their organic shingles. Lawsuits in Canada and the United States indicate that the defective nature of these products was known since the mid-1980's.

58. Nevertheless, the IKO Defendants sold the Defective Shingles to the Plaintiff and throughout the United States and Canada, while knowing of the defects.

59. In so doing, the IKO Defendants signified that the Defective Shingles were "35-year" shingles with an expected lifespan of approximately 35 years, while knowing that a substantial likelihood existed that the Defective Shingles would not last for that time period.

60. The IKO Defendants failed, refused or neglected to honor express and implied warranties associated with the Defective Shingles, even after admitting to the Plaintiff of the defect in his Defective Shingles and the problems experienced by these products generally.

DONAHUE, TUCKER & CIANDELLA, PLLC - ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

Furthermore, upon information and belief, the IKO Defendants have a pattern and practice of denying each and every claim based on the defective nature of their shingles, disputing every claim.

61. Such a baseline practice is inconsistent with the IKO Defendants' stated warranty, and fails to meet any standard of good faith and fair dealing. Further, leading consumers to believe that the Limited Warranty affords some measure of protection to the buyer, while it acts only as a limitation of liability, is deceptive and misleading.

62. These actions or omissions constitute unfair and deceptive acts and practices in the conduct of trade or commerce in the State of New Hampshire, as proscribed by the N.H. Consumer Protection Act, RSA 358-A, et seq.

63. These acts and omissions also constitute willful and knowing violations of the N.H. Consumer Protection Act.

64. The Plaintiff was damaged by these violations of the N.H. Consumer Protection Act, and is entitled to recover his actual, incidental and consequential damages, plus interest all within the jurisdictional limits of this Court.

65. As the IKO Defendants' actions are willful and knowing violations of the N.H. Consumer Protection Act, the Plaintiff is also entitled to double or treble damages pursuant to RSA 358-A:10, all within the jurisdictional limits of this Court.

66. The Plaintiff is also entitled to his attorney's fees, costs and expenses in bringing this suit, as provided by RSA 358-A:10.

### COUNT IV – VIOLATION OF THE MAGNUSSON-MOSS ACT
### 15 USC 2301, et seq.

67. The allegations contained in paragraph 1 through 66 are re-alleged and incorporated herein by reference.

DONAHUE, TUCKER & CIANDELLA, PLLC – ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

68. The IKO Defendants made written warranties meant for the Plaintiff and the general public concerning the lifespan, quality, durability and desirability of the Defective Shingles. Additionally, the Defective Shingles were subject to various implied warranties as a matter of law.

69. The Defective Shingles purchased by the Plaintiff and incorporated into his home did not conform with the written and implied warranties made by the IKO Defendants.

70. The Plaintiff informed the IKO Defendants of the defects in the Defective Shingles and, upon information and belief, fully complied with all procedures mandated by the IKO Defendants' warranty procedure.

71. The IKO Defendants failed, refused or neglected to comply with their obligations under the written and implied warranties.

72. The Plaintiff is damaged by the IKO Defendants' failure to honor its obligations, and pursuant to 15 USC 2310, the Plaintiff is entitled to recover his actual, incidental and consequential damages plus interest all within the jurisdictional limits of this Court.

73. Further, 15 USC 2310 also permits the prevailing Magnusson-Moss Act to claimant to collect his attorney's fees, costs and expenses. Accordingly, the Plaintiff is entitled to recoup his attorney attorney's fees, costs and expenses in bringing this suit.

## COUNT V – NEGLIGENCE

74. The allegations contained in paragraph 1 through 73 are re-alleged and incorporated herein by reference.

75. The IKO Defendants owed a duty to the ultimate consumer to produce and manufacture their products in a reasonably prudent manner, and in such a way to as not cause reasonably foreseeable damage to the consumer or the consumer's property.

DONAHUE, TUCKER & CIANDELLA, PLLC - ATTORNEYS AT LAW
OFFICES IN EXETER, PORTSMOUTH AND MEREDITH, NEW HAMPSHIRE - 800-566-0506 - WWW.DTCLAWYERS.COM

76. The IKO Defendants failed to design, produce, manufacture, advertise and sell their products in a reasonably prudent manner, breaching their duty.

77. The Plaintiff suffered severe damages as a result of this breach.

78. The Plaintiff is entitled to his actual, incidental and consequential damages, attorney's fees, costs and expenses all within the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Award him his actual, incidental and consequential damages, jointly and severally, against all IKO Defendants;

B. Award the Plaintiff his taxable costs and expenses, jointly and severally, against all IKO Defendants;

C. Award the Plaintiff his attorney's fees, costs and expenses pursuant to RSA 358-A:10 and/or 15 USC 2310; and,

D. Order such further relief as is just and equitable.

Dated this 28th day of March, 2015.

Respectfully submitted,

BRUCE DELLE CHIAIE
By his attorneys:

DONAHUE, TUCKER & CIANDELLA, PLLC

By: _____
Christopher T. Hilson, Esquire
NHB #17116
225 Water Street
Exeter, NH 03833
(603) 778-0686
chilson@dtclawyers.com

S:\DA-DE\Delle Chiaie, Bruce\IKO Manufacturing\Pleadings\2015 03 25 Complaint for Damages and Jury Demand.docx